**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW NAMIKI ROBERTS, | No. 21-15562 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00125-HG-RT |
| v. | |
| AL CUMMINGS, in his Official Capacity as the State Sheriff Division Administrator; CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SUSAN BALLARD, in her Official Capacity as the Chief of Police of Honolulu County, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted July 5, 2022
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Andrew Roberts, a civilian residing in Hawaii who wishes to purchase a taser for self-defense, appeals the district court's denial of his motion to lift the stay of proceedings in this case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand.

1. Although we ordinarily lack jurisdiction to review a district court's decision to stay proceedings in a case, we have jurisdiction over "stay orders that impose lengthy or indefinite delays and "place a plaintiff effectively out of court." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007). Because this case has been indefinitely stayed for over two years pending independent appellate court proceedings and pending legislative action, we have jurisdiction.

2. "[I]n determining whether a case is moot, we . . . presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot . . . ." *Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019). Because Act 183, which took effect in January 2022, expressly repealed section 134-16 of the Hawaii Revised Statutes, Roberts' declaratory relief claim is moot.

3. "A waiver of Eleventh Amendment immunity must unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court." *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758 (9th Cir. 1999)

(citation omitted). Nevertheless, "we have recognized that a state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." *Id*. (citation omitted). While the state raised sovereign immunity as an affirmative defense in its answer, it also litigated this case on the merits through the summary judgment phase. Thus, we remand to the district court to determine in the first instance whether Hawaii has waived its sovereign immunity for purposes of this action.

  4. Because this case has been stayed for over two years and because the legislative and Supreme Court proceedings cited by the district court as its reasons for the stay shave concluded, the district court should act expeditiously to resolve this case.

  **REMANDED.**